UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUES JOHNSON,

        Plaintiff,                    Case No. 2:25-cv-10481

v.                                       Hon. Brandy R. McMillion
                                             United States District Judge

BANK OF AMERICA,

        Defendant.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Marques Johnson ("Johnson") brings this *pro se* action against Defendant Bank of America relating to the denial of an auto loan. *See generally* ECF No. 1. He has filed an application to proceed without the prepayment of fees (*in forma pauperis*). ECF No. 2. For the reasons below, this case is **SUMMARILY DISMISSED** and Johnson's request to proceed *in forma pauperis* is **DENIED AS MOOT**.

### I.

As best the Court can discern, Johnson is alleging that he applied for a $1,000,000 auto loan from Bank of America that was denied in violation of his rights. *See generally* ECF No. 1. The Complaint is lacking any rational factual support to these claims, other than nonsensical statements that he has made tenders

to the bank, sent demands and an application for the loan, and that the bank unjustly retained his application and failed to issue the loan. *See generally* ECF No. 1, PageID.2. Johnson alleges four counts: (i) unjust enrichment; (ii) violation of the Federal Reserve Act Section 16; (iii) violation of the Equal Credit Opportunity Act (15 U.S.C. § 1691); and (iv) violation of UCC 3-306 and related Commercial Codes. *Id.* at PageID.2-3.

## II.

Johnson filed an application to proceed *in forma pauperis*. ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The

mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

### III.

Johnson's Complaint alleges four counts, none of which are supported by the facts as alleged. First, a claim for unjust enrichment under Michigan law "is defined as the unjust retention of money or benefits which in justice and equity belong to

another." *Tkachik, v. Mandeville*, 790 N.W.2d 260, 266 (Mich. Ct. App. 2010). "[Unjust enrichment] is grounded in the idea that a party 'shall not be allowed to profit or enrich himself inequitably at another's expense.'" *See Wright v. Genesse Cnty.*, 934 N.W.2d 805, 809 (2019) (alteration in original). Johnson fails to allege any facts sufficient to state a claim for unjust enrichment. Conclusory statements, unsupported by sufficient factual allegations are subject to dismissal. *See Iqbal,* 556 U.S. at 680. Additionally, the Federal Reserve Act Section 16 and UCC 3-306 provide no private cause of action in which Johnson can sue. Lastly, the Equal Credit Opportunity Act (15 U.S.C. § 1691) prevents discrimination in lending based on sex, religion, marital status, race, color or national origin. *See* 15 U.S.C. § 1691(a)(1). Johnson alleges no facts sufficient to sustain a claim for any such violations. Nothing in the Complaint alleges discrimination based on any of these protected statuses and thus Johnson fails to plead the essential legal elements of this claim.

Even construing Johnson's *pro se* Complaint liberally, the Court cannot "conjure up unpleaded facts to support conclusory allegations." *Williams*, 2022 WL 2966395 at *2. Nothing contained in the Complaint is sufficient for the Court to find Johnson has alleged any plausible claim of relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff's claims are frivolous and fail to state a claim upon which relief can be granted, and therefore must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

4

## IV.

Accordingly, the Complaint (ECF No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE** in its entirety.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: March 5, 2025                                   s/Brandy R. McMillion
                                                                         Hon. Brandy R. McMillion
                                                                         United States District Judge